**UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

*Plaintiff(s)*

SYDNEY L. IMGRUND n/k/a
SYDNEY IMGRUND-JOHNSON                              *Civil Action No.:*
            vs.

*Defendant(s)*

PORTFOLIO RECOVERY
ASSOCIATES, LLC, NUDELMAN,
NUDELMAN & ZIERING, PC,
JOHN DOES, I-V(fictitious individuals)
and ABC CORP., I-V(fictitious companies)

                                                   COMPLAINT AND DEMAND
                                                       FOR JURY TRIAL

**COMPLAINT AND DEMAND FOR JURY TRIAL**

SYDNEY L. IMGRUND n/k/a/ SYDNEY IMGRUND-JOHNSON, Plaintiff in the above entitled and captioned matter, by way of Complaint against the Defendants respectfully demand Judgment of this Honorable Court against each Defendant, as follows:

**INTRODUCTION**

This is an action for damages against all Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, *et seq.* (hereinafter "FDCPA").  Plaintiff seek actual damages, statutory damages, punitive damages, costs and attorney's fees pursuant to the FDCPA.

**JURISDICTION AND VENUE**

2.     Jurisdiction of this Court arises under 15 U.S.C.§ 1692k (d), 28 U.S.C. § 1337, 28 U.S.C. § 1332.  Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202.  Venue in this District is proper in that the conduct

complained of occurred here and it is the district where Plaintiff resides. 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff, SYDNEY L. IMGRUND n/k/a/ SYDNEY IMGRUND-JOHNSON is a natural person residing in Maplewood, New Jersey, and a protected person, as defined in the FDCPA.

4. Defendants Portfolio Recovery Associates, LLC, John Does, I-V (fictitious individuals) and ABC Corp I-V (fictitious companies) are domestic and/or foreign corporations engaged in the business of collecting debts in this State.

5. Defendants Nudelman, Nudelman & Ziering, PC., John Does, I-V (fictitious individuals) and ABC Corp. I-V (fictitious companies) are New Jersey licensed attorneys with offices located in Roseland New Jersey, and "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. All Defendants are doing business in the State of New Jersey.

## REQUEST FOR TRIAL BY JURY

7. Plaintiff requests a trial by jury.

## REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

8. Plaintiff respectfully requests that this Court instruct the jury, as the trier of facts, that in addition to actual, statutory and/or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FDCPA.

## REQUEST FOR COSTS OF LITIGATION AND ATTORNEY FEES

9. Plaintiff respectfully requests that this Court award Plaintiff their litigation expenses and other costs of litigation and reasonable attorney fees incurred in this litigation, in accordance with the provisions of FDCPA.

## GENERAL FACTUAL BASIS

10. Plaintiff was at all times a resident of the State of New Jersey.

11. The Plaintiff had a Visa account with CITIBANK, a credit grantor fictitious in New York, New York.

12. All Plaintiff's debts incurred under the CITIBANK account were satisfied in full approximately 1995.

13. Despite the satisfaction it appears that Defendant, Portfolio Recovery Associates, LLC purchased the alleged debt and began collection efforts.

14. In 2006, the Plaintiff began receiving collection calls from the Defendants Portfolio Recovery Associates, LLC and /or John Does or ABC, Inc fictitious defendants.

15. After writing a "cease and desist" letter the calls slowly tapered off over the following two months.

16. In 2008, Defendant Portfolio Recovery Associates, LLC, retained Defendant, Nudelman, Nudelman & Ziering, PC, licensed New Jersey Attorneys to assist in their collection efforts.

17. On or about August 5, 2008, the Defendants, Nudelman, Nudelman & Ziering, PC filed a Complaint on behalf of the Defendant Portfolio Recovery Associates, LLC alleging that Ms. Imgrund had "defaulted in that payment has not been made in accordance with the terms of the agreement." The Complaint also alleged that $7697.65 was due and owing. This amount included attorneys fees of $745.24.

18. Ms. Imgrund initially filed an Answer *pro se.* After the court improperly entered default judgment Ms. Imgrund retained Greenberg Minasian, LLC to defend the suit.

19. The default was vacated and the matter set down for trial on July 22.2009. A request for production of documents was served upon Portfolio Recovery Associates, LLC through their attorneys. The request included, *inter alia*, a demand for a copy of a signed application, a cardholder agreement and a payment history. The responses were due June 18, 2009.

20. Portfolio Recovery Associates, LLC through and their attorneys, Nudelman, Nudelman & Ziering, PC failed to respond to the discovery demand. Thereafter, Nudelman, Nudelman & Ziering, PC were substituted as attorneys in favor of Carrie Brown, Esq. Who dismissed the Complaint without notice to the undersigned.

21. As a result of these actions, Plaintiff has sustained actual damages, including attorney fees, emotional distress, denial of credit and other damages.

22. All conditions precedent to the bringing of this action have been performed, waived or excused.

## COUNT I

**VIOLATION OF THE FDCPA BY DEFENDANTS, PORTFOLIO RECOVERY ASSOCIATES, LLC, JOHN DOES, I-V & ABC CORP. I-V**

23. Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 22 above.

24. Defendants have violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. §1692e(2)(A) by falsely representing to Ms. Imgrund and the Superior Court of New Jersey the amount of the debt;

    (b) The Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing to Ms. Imgrund and the Superior Court of New Jersey the status of the debt;

    (c) The Defendants violated 15 U.S.C. § 1692g(a)(3) by failing to give the required notice;

    (d) The Defendants violated 15 U.S.C. § 1692g(a)(4) by failing to give the required notice;

    (e) The Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect amounts not authorized by agreement;

    (f) The Defendants violated 15 U.S.C. § 1692e(10) by giving false information and making false representations to the Plaintiff.

25. As a result of the above violations of the FDCPA, the Defendants Portfolio Recovery Associates, LLC, John Does, I-V (fictitious individuals) and ABC Corp I-V (fictitious companies) are liable to the Plaintiff for declaratory judgment that their conduct violated the FDCPA, and for Plaintiff's actual damages or statutory damages, punitive damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Portfolio Recovery Associates, LLC, John Does, I-V (fictitious individuals) and ABC Corp. I-V (fictitious companies) for declaratory judgment that Defendants' conduct violated the FDCPA, and declaratory and injunctive relief for such; actual damages; statutory damages pursuant to 15 U.S.C. § 1692k; punitive damages; costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k, and for such other and further relief as may be just and proper.

## COUNT II

### VIOLATION OF THE FDCPA BY DEFENDANTS, NUDELMAN, NUDELMAN & ZIERING, PC, JOHN DOES, I-V & ABC CORP. I-V

26. Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 25 above.

27. Defendants have violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. §1692e(2)(A) by falsely representing to Ms. Imgrund and the Superior Court of New Jersey the amount of the debt;

    (b) The Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing to Ms. Imgrund and the Superior Court of New Jersey the status of the debt;

    (c) The Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect amounts not authorized by agreement;

28. As a result of the above violations of the FDCPA, the Defendants Nudelman, Nudelman & Ziering, PC, John Does, I-V (fictitious individuals) and ABC Corp I-V (fictitious companies) are liable to the Plaintiff for declaratory judgment that their conduct violated the FDCPA, and for Plaintiff's actual damages, statutory damages, punitive damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Nudelman, Nudelman & Ziering, PC, John Does, I-V (fictitious individuals) and ABC Corp. I-V (fictitious companies) for declaratory judgment that Defendants' conduct violated the FDCPA, and declaratory and injunctive relief for such; actual damages; statutory damages pursuant to 15 U.S.C. § 1692k; punitive damages; costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k, and for such other and further relief as may be just and proper.

**GREENBERG MINASIAN, L.L.C.**
Attorneys for Plaintiff Trenice Jackson

Date: July 14, 2009

s/ William S. Greenberg
WILLIAM S. GREENBERG
GREENBERG MINASIAN, LLC
80 MAIN STREET - SUITE # 450
WEST ORANGE, NJ 07052
(973)325-7711
Attorney ID No. (WSG-4659)